**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

WILLIAM C. HOFSTETTER,                                   No. 96-2441
<u>Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Submitted: December 30, 1997

Decided: January 27, 1998

Before RUSSELL, WIDENER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. Hofstetter, Appellant Pro Se. Orran Lee Brown, Sr.,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dalkon Shield Claimants who received compensatory damage awards from the Dalkon Shield Claimants Trust (Trust) are to be paid, in lieu of punitive damages, a pro rata share of funds remaining in the Trust once all claims are paid in full. These pro rata payments will be made without further effort by the claimant or the claimant's attorney. See In re A.H. Robins Co. (Bergstrom v. Dalkon Shield Claimants Trust), 86 F.3d 364, 370 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3364 (U.S. Nov. 18, 1996) (No. 96-440).

We upheld the district court's March 1, 1995, order that counsel for Dalkon Shield Claimants may not recover fees exceeding ten percent of the pro rata distribution. See id. at 367. That order provided a mechanism for seeking reinstatement of larger contingent fees and set a hearing for April 27, 1995, on any motions for reinstatement of fees in excess of ten percent. See id. at 371.

Appellant William Hofstetter filed a motion for reinstatement of full contingent fees out of pro rata payments. Hofstetter advised the district court that he would not appear at the April 27 hearing on the motions for reinstatement and that he would not hire anyone to appear on his behalf at the hearing. In its March 1 order, the district court had directed attorneys who intended to file motions to advise the court whether they would appear at the hearing or, if not, to identify the person who would appear on behalf of the movant. The district court also instructed that movants file exhibits to be offered in support of their motions and to file a list of persons who might testify at the hearing. Not only did Hofstetter or anyone acting on his behalf fail to appear at the hearing, but he took no steps to have his pleadings or two affidavits admitted, by deposition or otherwise, into evidence at the hearing.

2

Following our decision in <u>Bergstrom</u>, the district court denied Hofstetter's motions for reinstatement as lacking evidentiary support. The court observed that Hofstetter did not appear at the hearing and that the documents offered in support of the motions constituted unauthenticated hearsay. Hofstetter appeals.

His primary claim is that the documents were admissible under Fed. R. Evid. 404(b). We note that Hofstetter did not raise this claim before the district court and has waived its consideration on appeal. Even if not waived, however, the claim lacks merit. The documents supporting his motion were photocopies of: his fee agreements with his clients; the complaints he filed in federal district court; and itemized statements of services rendered for his clients. Additionally, Hofstetter submitted an affidavit stating that the photocopies were true and correct.

Under the residual hearsay exception, a statement is admissible if: (1) it has "circumstantial guarantees of trustworthiness," (2) it is "offered as evidence of a material fact," (3) it"is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts," (4) admitting the statement will serve the purposes of the Rules of Evidence and the interests of justice; and (5) the opposing party was given adequate notice of the proponent's intention to invoke the exception. Fed. R. Evid. 803(24). Because Hofstetter reasonably could have provided evidence about the content of the documents--for example, through deposition or live testimony--he cannot satisfy the third element. The district court therefore did not abuse its discretion in determining that the material was inadmissible hearsay and that Hofstetter had presented no evidence in support of his motion for reinstatement of fees.

Hofstetter's other arguments on appeal warrant little discussion. He observes that over half of the attorneys who moved for reinstatement of fees failed to appear at the hearing, apparently intending to stand on their motions and supporting documentation alone. This, Hofstetter argues, demonstrates that the court's March 1 order was misleading. Their failure to appear does not necessarily establish that those attorneys who did not attend the hearing were misled. Even if they were acting under the assumption that the Rules of Evidence would not apply, they, as attorneys, should have known that the Rules would be

3

applied, as they typically are in court proceedings. The district court was under no obligation to inform the attorneys that evidence would be taken in accordance with the Rules.

Finally, Hofstetter argues that the district court's order limiting the amount of fees he may recover from the pro rata distribution deprives him of property (his contractual right with his clients to recover forty percent of any damages awarded) without due process of law. Hofstetter had notice of the hearing and an opportunity to be heard on his motion. This argument is plainly without merit.

The district court did not abuse its discretion in denying the motion for reinstatement of fees. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before us and argument would not aid the decisional process.

<u>AFFIRMED</u>

4